399 P.2d 698

Essie Mae WILSON, Petitioner,

v.

Versie Lee WILSON, Cross-Petitioner, Southwest Forest Industries, Inc., and the Industrial Commission of Arizona, Respondents.*

No. I CA–IC 3.

Court of Appeals of Arizona.

March 8, 1965.

Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

---

* A Petition and a Cross-Petition were filed with the Arizona Supreme Court and were assigned that Court's Number 8341. The Arizona Supreme Court issued its

Jesse Shivers, Houston, Tex., John H. Holloway, Houston, Tex., Ed W. Hughes, Phoenix, of counsel, for petitioner.

Donald J. Morgan, Phoenix, R. E. Biggs, Liberty, Tex., for respondent-cross-petitioner Versie Lee Wilson.

Robert A. Slonaker, Phoenix, for respondent Industrial Commission of Arizona.

DONOFRIO, Judge.

This is a review of an award of the Industrial Commission of Arizona denying the claims of two different petitioners, each claiming to be the surviving widow of Leroy Wilson, who died November 26, 1962, as a result of an accidental drowning sustained in the course of his employment by Southwest Forest Industries.

Versie Lee Wilson, alleging to be the widow, filed a claim for herself and minor child Evelyn Joice Wilson. Essie Mae Wilson, also claiming to be the widow, filed a claim for herself and minor son Willie Louis Wilson. Initially the Commission issued its findings and award in favor of Versie Lee Wilson and her minor child. Essie Mae Wilson thereafter filed for rehearing, and upon rehearing the Commission rescinded its previous award, entered an award in favor of both children and denied the claim of both alleged widows. Each of the alleged widows seek judicial review. Hereinafter, Essie Mae Wilson will be referred to as petitioner and Versie Lee Wilson will be referred to as cross-petitioner. The Industrial Commission is respondent and Leroy Wilson will be referred to as decedent.

In many instances the assigned errors are based on propositions that are equally applicable to both parties and we will, therefore, consider such assignments without regard to who is the advancing party.

■ The first assignment is based on the proposition that the Workmen's Compensation Act is unconstitutional as violative of the due process clause of the 14th Amendment of the Constitution of the United States.

Our Supreme Court has passed upon this question and has held the Act is constitutional. Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649 (1936), Shaw v. Salt River Valley Water Users' Ass'n, 69 Ariz. 309, 213 P.2d 378 (1950).

Petitioner (Essie Mae) assigns as error that the Commission acted in excess of its power because a majority of the Commissioners were not present at a formal hearing and that all the evidence was not read by a majority of the Commissioners; also that the award of March 2, 1964, (the date of the final award) was void because no notice was given for a hearing on said date.

The record before this Court shows that the hearing upon the petition of Essie Mae Wilson was duly held at Houston, Texas, on November 1, 1963. The Commission's minutes of March 2, 1964, show that the Transcript of the above hearing, the Claim File, Transcript of Texas County court hearing of October 31, 1963, (a hearing to determine heirship of Leroy Wilson, Essie Mae Wilson vs Versie Lee Wilson) and Referee's Report, Objections to Referee's Report, Case Summary and Legal Opinion prepared by the Commission's legal department, together with the applicant's exhibits were all considered by the Commission. The minutes further show that the Commission rescinded its previous award of June 24, 1963, and entered an award in favor of the children as sole dependents of the decedent. These minutes are signed by all of the three Commissioners.

■ It is well settled that the law contemplates that the orders and awards of the Commission shall be made after a full consideration by it of all the facts of the case and shall be its deliberate act. It is their duty to consider all of the evidence and bring to bear their best and most conscientious judgment with a view of reaching a just, fair, and equitable conclusion. Altman v. Pace, 49 Ariz. 231, 65 P.2d 1164 (1937), King v. Alabam's Freight Co., 38 Ariz. 205, 298 P. 634 (1931), Johnson v. T. B. Stewart Construction Co., 37 Ariz. 250, 293 P. 20 (1930).

▇ The presumption is that public officers do their duty, and, unless there is some showing in the record that these requisites (i. e. that the Commission consider all the evidence upon which the award is based) were not complied with, we must assume that they so acted in accordance with their duty. Altman v. Pace (supra). The record of the instant case shows that the duly held hearing of November 1, 1963, which hearing was transcribed and all of the other exhibits and evidence, which we will presume in the absence of any showing to the contrary, was all the evidence in the case, was considered by all three of the Commissioners. Therefore, we find this claimed error cannot be sustained.

This brings us to a consideration of the merits of the claims of the respective alleged widows. Each, in effect, claims that the Commission ruled contrary to the law and evidence in not finding her to be the surviving widow and in not finding her child by the decedent to be the only surviving dependent of the decedent.

The pertinent facts as brought out by the record before us are: Petitioner (Essie Mae), was married to decedent, on August 23, 1947. A marriage license was obtained and returned on the same day they were married to the Clerk at Center, Shelby County, Texas. A son, Willie Louis Wilson was born to this marriage on September 24, 1947. Petitioner testified she lived with decedent four years after their marriage before they separated.

On August 31, 1957, a marriage license was issued to cross-petitioner, (Versie Lee) and decedent and returned on September 1, 1957, to the Clerk at Center, Shelby County, Texas. A daughter, Evelyn Joice Wilson, was born on January 20, 1958, to this union. In evidence is the birth certificate signed by decedent as father.

On October 2, 1961, an application was made and an order entered for the waiver of medical examination and the issuance of a marriage license between Versie Mae Reed and Robert Harris, Jr. Robert Harris, Jr. testified he married cross-petitioner

at that time. The County Attorney of Shelby County, Texas, testified that cross-petitioner, using the name of Versie Lee Harris, swore to a complaint in 1961 against Robert Harris for wife desertion. The same attorney says he simultaneously filed a divorce action for cross-petitioner against Robert Harris. This action was subsequently dismissed on motion of the plaintiff therein. Cross-petitioner denies being the same person but the County Attorney positively identified her.

Petitioner contends the uncontradicted evidence discloses she was married in August 1947, and that there was never a divorce, and therefore she, not cross-petitioner who claims a subsequent marriage, was decedent's lawful wife and beneficiary. Petitioner in support of her case supplied certificates from Clerks of three counties in Texas where she had lived, to the effect that no divorce between herself and decedent was of record.

▇ Our court has passed upon the question of the presumption of the validity of a subsequent marriage. A leading case is Kolombatovich v. Magma Copper Co., 43 Ariz. 314, 30 P.2d 832 (1934). Therein the Supreme Court stated on page 318 of the Arizona Reports, 30 P.2d on page 834:

"There seems to be no division of authority on the proposition that when one contracts a second marriage during the lifetime of the first spouse, the presumption that the first marriage was legally dissolved prevails and the one who asserts that the second marriage is invalid has the burden of showing that there has been no divorce. The following excerpts show this:

"'When a marriage has been consummated in accordance with the forms of law, it is presumed that no legal impediments existed to the parties entering into such marriage, and the fact, if shown, that either or both of the parties have been previously married, and that such wife or husband of the first marriage is still living, does not destroy the prima facie legality of

the last marriage. The presumption in such a case is that the former marriage has been legally dissolved, and the burden that it has not rests upon the party seeking to impeach the last marriage.' 18 R.C.L. 417.

"'Mere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such divorce and left him or her free to contract the second marriage.' 18 R.C.L. 420.

"'In the case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage'. 38 C.J. 1328, 1329."

Since the marriages took place in Texas, we have looked to that jurisdiction for cases on the subject, and find that the cases of Texas are to the same effect. Two undisturbed early laws to this effect are Texas Employers' Insurance Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371 (1955), and Holman v. Holman, Tex.Com.App., 288 S. W. 413 (1926).

 Cross-petitioner testified to her marriage with decedent, living with him and having the daughter, Evelyn Joice by him. She also introduced into evidence the marriage certificate. This is sufficient evidence to establish the validity of this marriage and thus give rise to the presumption that the former marriage had been legally dissolved. It then became necessary for the petitioner to overcome this presumption by evidence which negatives the effective operation of every possible means by which a dissolution of such marriage

could have been affected. Holman v. Holman (supra). The burden is upon petitioner. Besides her testimony, an attempt was made to overcome the presumption by supplying certificates from Clerks of three Counties in Texas to the effect that there was no record of a divorce in the county.

 Petitioner testified she lived with decedent for four years or until sometime in.1951. The second marriage was in 1957. This leaves a gap of six years during which petitioner by her own testimony admitted she did not know the residence of decedent. A divorce could have been procured by decedent in a jurisdiction other than the three counties from which certificates had been obtained.

There was a conflict and the Commission could properly have found that she had not met the burden imposed by law to overcome the strong presumption of the 1957 marriage.

We next consider whether no competent or legal evidence was presented to reverse the earlier finding and award of Respondent declaring cross-petitioner the surviving widow.

 There is sufficient evidence in the record to show that cross-petitioner married one Robert Harris subsequent to her marriage to decedent. There was evidence of an application for waiver of medical examinations for marriage license and an order made thereon issued to Versie Mae Reed and Robert Harris, Jr. Robert Harris, who is the same Robert Harris, Jr., testified he went through a marriage ceremony with her in 1961, and identified her in the court hearing. This, together with the County Attorney's evidence of the desertion and divorce actions filed by cross-petitioner and positive identification of her in Court is sufficient evidence to sustain the validity of a marriage subsequent to the one in 1957.

Here again there was evidence upon which the Commission could find that there was a valid marriage in 1961, and that the presumption of its validity had not been overcome.

As to the two minor children, we have no difficulty in finding evidence to support the findings and award. Direct evidence was introduced that Willie Louis Wilson was born during the wedlock of petitioner and decedent, and that Evelyn Joice Wilson was born during the wedlock of cross-petitioner and decedent.

 The Commissioners are the triers of the facts, and the evidence adduced will be considered in a light most favorable for sustaining an award. Muchmore v. Industrial Commission of Arizona, 81 Ariz. 345, 306 P.2d 272 (1957).

Petitioner claims the Respondent made findings which were fatally in conflict when it found decedent to have two dependent children of two different mothers, but yet found that neither mother was the lawful wife at the time of death.

We find no conflict between the finding that neither former wife was the widow of the decedent at the time of his death and the finding that the children of both of these wives were surviving children of decedent.

Award affirmed.

STEVENS, C. J., and CAMERON, J., concurring.