458 P.2d 519

**Alfred E. PAULEY, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Safeway Stores, Inc., and the Travelers Insurance Company, Respondents.**

**No. I CA–IC 235.**

Court of Appeals of Arizona, Division 1.

Department A.

Sept. 16, 1969.

Alfred E. Pauley, in pro. per.

Robert D. Steckner, Acting Chief Counsel, by Michael A. Lasher, Jr., Phoenix, for respondent Industrial Commission of Arizona.

Kramer, Roche, Burch, Streich & Cracchiolo, by B. Michael Dann, Phoenix, for respondents Safeway Stores, Inc. and Travelers Ins. Co.

CAMERON, Judge.

This is a writ of certiorari to review an award of the Industrial Commission which found, after hearing, that the claimant did not have any "new additional or previously undiscovered disability attributable to the industrial episode of March 25, 1965."

Although the petitioner raises many points, a review of the record before this Court indicates that we are concerned only with the refusal of the referee to subpoena certain witnesses for the hearing as requested by the petitioner.

Petitioner sustained an injury arising out of and in the course of his employment on 25 March 1965. Thereafter, following a hearing, the Commission, on 7 April 1966, issued a findings and award which determined that petitioner suffered no disability. Petitioner was not represented by counsel at this time. This award became final.

On 26 June 1967 the claimant filed application for readjustment or reopening of claim in which he alleged new and additional disability. The file reflects that petitioner was represented by an attorney from 17 July 1967 to 20 September 1967 when the attorney notified the Commission he was withdrawing from the case. After extensive correspondence and orders by the Commission, the matter was set for formal hearing on 8 February 1968. Prior to the hearing the applicant sent to the Commission a letter which stated in part:

"We wish to have the witness, Sam Hensley, 1534 E. Whitten, subpoenaed as well as the doctors reports from Doctors Lab., 1901 E. Thomas Road,—Doctor Sidney Stovall, 2620 North 3rd Street, reports,—Doctor John E. Schramel, 240 W. Osborn Road, reports,—and Doctor Clyde Barker, Jr., 1313 North 2nd Street, —plus any doctor with a decree (sic) that knows all about the body, not just parts of it, because these doctors are many different kinds."

The referee responded with a letter to the claimant which stated:

"In your letter you request that subpoenas be issued for Sam Hensley, for Doctors Sidney Stovall and Jack E. Schramel and Clyde Barker, Jr., and for Doctors' Laboratory reports and for reports from the other doctors.

"An examination of the file does not indicate that any of the doctors you name or that the laboratory has had anything to do regarding your case. Therefore, and in accordance with the Rules of the Industrial Commission, you will have to supply me with information showing what you expect the doctors to testify and what you expect the laboratory reports to show and further showing that the testimony is related to your case. Otherwise we cannot subpoena the doctors or the laboratory records to the hearing. Also we will have to have the same information with respect to Mr. Hensley.

"Since doctors are busy people they need adequate advance notice so that they can arrange their schedule to appear and testify if called to do so. Therefore, please furnish me with the requested information as soon as possible."

At the hearing held 8 February 1968 the referee noted that he had reviewed the file and that subpoenas had been issued for Dr. Stovall and Doctors' Laboratory, and that the laboratory at that address

had telephoned and stated they knew nothing about petitioner:

"I also received a telephone call from the supervisor or manager of the Orthopedic Clinic, and also from a Mr. Easley, supervisor of the Disability Certification Section of the Division of Vocational Rehabilitation of the State of Arizona. Both called me respecting the subpoena for Dr. Stovall. They both indicated that Dr. Stovall's connection with Mr. Pauley was in a social security matter; that under the procedure the matter would have to be referred at various stages, through various stages of the social security, and the United States Attorney General; that the result would be that Dr. Stovall and an assistant district attorney would appear here and that, on such appearance, Dr. Stovall would be instructed that he was not permitted to testify; since this would be futile, I agreed that Dr. Stovall would not have to come.

"Subpoenas were not issued for the other doctors for the reason that nothing in the file indicates what, if any, connection they have with the case.

"Subsequently, Mrs. Pauley, in a telephone call to me, to discuss my letter, was requested to come into the office so that I could sit down with her to discuss and find out what connection these other doctors might have with the case, to see if their testimony was relevant, and Mrs. Pauley refused to come in and has not come into my office so that there could be any clarification of this."

The only question before this Court is whether the referee was correct in refusing to issue the subpoenas requested by the petitioner. Rule 35 of the Rules of the Commission reads as follows:

"Compelling Attendance at Hearings:— Any party desiring the Commission to issue a subpoena to compel the appearance of a witness at any hearing shall make written application therefor, stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, a subpoena will be supplied. * * *"

█ If this rule is construed to mean that the Commission or referee may arbitrarily refuse to issue subpoenas requested by a party we would have no hesitancy in setting aside an award based upon such action. A party is entitled not only to cross-examine witnesses but to present witnesses on his behalf. We agree with the following statement:

"The board holding the hearing is vested with a sound discretion to regulate and control the cross-examination of witnesses appearing before it. Such authority does not justify an arbitrary denial of the right of a litigant to procure competent testimony where an application therefor is seasonably made and pursued with due diligence." 100 C.J.S. Workmen's Compensation § 598, pages 848, 849.

And:

"Clearly the commission is vested with a sound discretion to regulate and control the cross-examination of witnesses in proceedings before that tribunal, and its award will not be disturbed on certiorari for mere errors of procedure. But that authority will not justify an arbitrary denial of the right of a litigant to procure competent testimony by deposition or otherwise when the application therefor is seasonably made and pursued with due diligence according to the established rules of procedure. * * *" Walker Mining Co. v. Industrial Accident Commission, 35 Cal.App.2d 257, 263, 95 P.2d 188, 191 (1939).

A party to an Industrial Commission hearing not only has the right to cross-examine the witnesses, but also has the right to present evidence of his own. To hold otherwise would be to deny the party the fair and impartial hearing to which he is entitled. This Court has stated:

"It is well settled that the law contemplates that the orders and awards of the Commission shall be made after a full

consideration by it of all the facts of the case and shall be its deliberate act. It is their duty to consider all of the evidence and bring to bear their best and most conscientious judgment with a view of reaching a just, fair, and equitable conclusion." Wilson v. Wilson, 1 Ariz.App. 77, 79, 399 P.2d 698, 700 (1965).

■■■ We believe, however, that under the limited circumstances of the case before this Court the procedure followed by the referee in trying to determine the relevancy of the proposed witnesses' testimony before issuing subpoenas for them was not error. The file reflects that the referee had been very patient in dealing with not only the claimant but claimant's wife, and we find no indication that the referee would have arbitrarily refused to issue the subpoenas had claimant informed the referee why the particular doctors were being called. There must be some balance between the right of the petitioner to compel the attendance at hearings of persons he believes relevant to his case and the power of the Commission to prevent abuse of this subpoena process. This is especially true in regard to members of the medical profession who have other people relying upon their care and attendance and they should not be discriminately subpoenaed when there is no apparent reason for their being called.

This opinion is limited to the situation herein where a party is seeking, through Rule 35 of the Rules of the Commission, to enlist the subpoena powers of the Commission in compelling the attendance of witnesses at Industrial Commission hearings and nothing we say herein should be construed to prevent a party from presenting other witnesses who are willing to appear and testify without being first subpoenaed.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.