475 P.2d 950

James E. POLSTON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Winslow School District No. 1, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 438.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 4, 1970.

Langerman, Begam & Lewis, P. A., by Jack Levine, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by R. Kent Klein, Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari brought to test the lawfulness of an award and findings of The Industrial Commission of Arizona issued on February 18, 1970, and revised by supplemental order nunc pro tunc dated February 25, 1970.[1]

The petitioner presents two questions for review. First, can the Industrial Commission deny a claimant the right to have a witness subpoenaed in his behalf at a hearing and deny petitioner the right to cross-examine medical witnesses who have submitted reports to the Industrial Commission and upon which reports the Commission relies in reaching a decision; second, was the refusal of the Commission to hold a continued hearing in Phoenix, Arizona, so that petitioner could obtain the testimony of Phoenix doctors arbitrary and capricious and a denial of due process of law.

The Commission issued a findings and award for temporary disability on August

1. This case was decided under the law as it existed prior to January 1, 1969.

28, 1969. The petitioner filed a petition for hearing within 20 days, and notice of hearing was mailed to all interested parties on November 25, 1969, setting the hearing date for January 16, 1970, at Winslow, Arizona. On December 23, 1969, the attorney for the State Compensation Fund sent a letter to the hearing officer reserving an opportunity for a subsequent hearing in Phoenix to take the testimony of the medical witnesses practicing in Phoenix who had examined or treated the petitioner. The letter also requested that R. E. Booth, Superintendent of the Winslow Public Schools, be subpoenaed for the hearing. On January 3, 1970, the petitioner wrote a letter to the chief hearing officer, C. E. Singer, Jr., requesting a subpoena for Dr. Leo L. Lewis and notifying the hearing officer that the other doctors who had information concerning his claim were in the Phoenix area. On January 7, 1970, the petitioner wrote another letter to the hearing officer requesting a postponement of the hearing because he was then in the process of obtaining additional evidence to present at the hearing. In the alternative, the petitioner requested that Dr. John A. Kelly be subpoenaed to testify at the hearing in Winslow. Both of petitioner's letters were filed with the Commission more than 7 days prior to the hearing as required by the notice of hearing.

On January 16, 1970, a hearing was held in Winslow, Arizona, before the Industrial Commission hearing officer. Repeatedly throughout the hearing, petitioner requested a continuance of the hearing because several key medical witnesses, practicing in Phoenix, Arizona, were not available to testify at the hearing in Winslow, and for the further reason that petitioner had filed a timely request for a subpoena for Dr. John J. Kelly, and no subpoena had been issued for his attendance at the hearing.

The hearing officer issued his report January 22, 1970, which concluded that the petitioner's condition became stationary on July 8, 1969, and that petitioner sustained no permanent physical or mental disability resulting from the industrial accident. In arriving at its conclusion, the Commission specifically relied upon a report submitted to the Commission by Dr. John J. Kelly. The Commission's report also stated that the petitioner's request for a further hearing to obtain the testimony of Dr. Kelly and other Phoenix doctors who treated or examined petitioner did not comply with Rule 35 of the Rules of Procedure before the Industrial Commission, because there was no showing that Dr. Kelly's testimony would be other than as set forth in his reports contained in the claim file. The referee ruled that the petitioner's request for a further hearing should be denied.

Written objections were filed to the referee's report, pointing out that the petitioner had requested not only the testimony of Dr. Kelly, but also the testimony of Dr. Victor J. Haag and the testimony of Dr. Maier Tuchler, a psychiatrist with whom petitioner was scheduled to be evaluated.

The awards complained of issued following the objections to the referee's report, adopting the referee's report.

Fundamental in our system of jurisprudence is the right of the parties to cross-examine witnesses, and to produce witnesses on their own behalf.

"* * * It is up to the Industrial Commission to provide the proper safeguards for the introduction of evidence, and receiving of testimony in its hearings. It is not up to the petitioner to find and bring to the hearing the witness for cross examination, it is up to the commission to do so if it intends to use such evidence upon which to base its decision. * * *" Avenente v. Smouse, 1 Ariz.App. 24 at p. 26, 398 P.2d 932 at p. 934 (1965).

▮ As in Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172 (1965), the attorney for the Fund relies heavily on Rule 35 of the Rules of Procedure before The Industrial Commission of Arizona. That rule reads as follows:

"Compelling Attendance at Hearings:— Any party desiring the Commission to issue a subpoena to compel the appearance

of a witness at any hearing shall make written application therefor, stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, a subpoena will be supplied. * * *"

As we stated in *Jones,* it is the opinion of the Court that this rule must be read together with and in the light of Rule 30, which rule is as follows:

"Hearings, Formal When Granted:—A formal hearing will be held only in case there be a question as to the facts, and when circumstances are such that a hearing affords the most convenient and satisfactory means of determining the facts. Provided, however, that any party aggrieved by an award shall be granted a formal hearing at which *he shall be afforded an opportunity to present further material evidence and cross-examine any person who has given any evidence in the matter.*" (Emphasis supplied)

Concerning Rule 35, this Court in *Jones* stated:

"Rule 35 merely gives the party the right to apply to the Industrial Commission for a subpoena to be served on any party the petitioner wishes to call for direct examination. It gives the petitioner the right to use the subpoena powers of the Commission, at petitioner's own expense, to effect the attendance of what otherwise might be reluctant witnesses. Rule 35 cannot be used to restrict the right of the parties to cross examine a person who has given any evidence in the matter. * * *" 1 Ariz.App. 218 at p. 221, 401 P.2d at p. 175.

Further discussion of the right of parties to an Industrial Commission proceeding to cross-examine witnesses is contained in Pauley v. Industrial Commission, 10 Ariz. App. 315, 458 P.2d 519 (1969):

"If this rule [Rule 35] is construed to mean that the Commission or referee may arbitrarily refuse to issue subpoenas requested by a party we would have no hesitancy in setting aside an award based upon such action. A party is entitled not only to cross-examine witnesses but to present witnesses on his behalf. We agree with the following statement:

'The board holding the hearing is vested with a sound discretion to regulate and control the cross-examination of witnesses appearing before it. Such authority does not justify an arbitrary denial of the right of a litigant to procure competent testimony where an application therefor is seasonably made and pursued with due diligence.' 100 C.J.S. Workmen's Compensation § 598, pages 848, 849.

"And:

'Clearly the commission is vested with a sound discretion to regulate and control the cross-examination of witnesses in proceedings before that tribunal, and its award will not be disturbed on certiorari for mere errors of procedure. But that authority will not justify an arbitrary denial of the right of a litigant to procure competent testimony by deposition or otherwise when the application therefor is seasonably made and pursued with due diligence according to the established rules of procedure. * * *' Walker Mining Co. v. Industrial Accident Commission, 35 Cal.App.2d 257, 263, 95 P.2d 188, 191 (1939).

"A party to an Industrial Commission hearing not only has the right to cross-examine the witnesses, but also has the right to present evidence of his own. To hold otherwise would be to deny the party the fair and impartial hearing to which he is entitled. This Court has stated:

'It is well settled that the law contemplates that the orders and awards of the Commission shall be made after a full consideration by it of all the facts of the case and shall be its deliberate act. It is their duty to consider all of the evidence and bring to bear their best and most conscientious judgment with a view of reaching a just, fair,

**294**

and equitable conclusion.' Wilson v. Wilson, 1 Ariz.App. 77, 79, 399 P.2d 698, 700 (1965)." 10 Ariz.App. 315 at pp. 317, 318, 458 P.2d 519 at pp. 521–522.

Turning briefly to the matter of the Commission's refusal to hold a continued hearing, we note that the record before us clearly reflects that the petitioner, who at the time was appearing in Winslow in propria persona, clearly and intelligently requested the continuance of the hearing for the purpose of taking further medical testimony from doctors who treated and/or examined him in Phoenix, Arizona. This request was denied, and we believe under the circumstances that it should have been granted.

The award is set aside.

STEVENS and HAIRE, JJ., concur.