482 P.2d 908

**John Leroy JONES, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

Sampson Construction Company, Inc., and Johnson Elevator Construction, Inc. (Johnson-Sampson Company), Respondent Employer,

State Compensation Fund, Respondent Carrier.

**No. I CA–IC 426.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 22, 1971.

Rehearing Denied May 5, 1971.

Review Denied May 25, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Ronald M. Meitz, Phoenix, for respondent Carrier.

STEVENS, Presiding Judge.

The petitioner was injured on 27 May 1961. He filed a claim with The Industrial Commission of Arizona. The claim was accepted and assigned the above claim number. An award was entered on 1 December 1961. This was followed by a petition to reopen which was filed on 15 February 1963. On 3 June 1963 the petitioner employed his present counsel, Mr. Ollason. After administrative procedures the petition to reopen was denied. The denial was brought to this Court and we set aside the award denying the petition to reopen. In this connection see our opinion in Jones v. Industrial Commission of Arizona, filed 22 March 1965 and reported in 1 Ariz.App. 218, 401 P.2d 172.

The claim was again presented to the Commission. A final award denying the reopening was entered on 30 January 1970 and it is that award which is before us for our present consideration.

We will not set forth all of the procedural steps in detail and we will limit ourselves in this opinion to a few of the significant high spots.

A formal hearing was conducted on 4 April 1968. We quote portions of the reporter's transcript of the hearing.

"THE REFEREE: Gentlemen, do you have anything further?

MR. OLLASON: No.

MR. JOHNSTON: I believe that that concludes the matter, if that is my understanding. It has been up to the Court once before. It is my understanding that Mr. Ollason and the Fund have been awarded ample opportunity of hearings, and the matter is now ready for submission.

THE REFEREE: If there is nothing further before the Industrial Commission, this matter will be deemed submitted to the Commission for its decision, subject to *its* continuing jurisdiction to conduct any further hearings or examinations as may be deemed necessary." (Emphasis Added.)

There followed a discussion of a different claim. Upon the conclusion of the discussion of the other claim we find:

"THE REFEREE: If there is nothing further, this hearing is closed."

The referee rendered his report on 30 December 1968. After an extension of time had been granted to the Fund within which to file its objections it stated, on 20 January 1969, that it had no objections.

■ There appear in the file two memoranda from the "Tucson Referee Office." The first memorandum is dated 6 February 1969 and requests that the claims file be taken to Dr. Richard J. Toll for his review. The record is silent as to the background for this request. Dr. Toll examined the file and he also examined the petitioner on 7 February 1969. His report was filed on 3 April 1969 and on 9 April the referee wrote to Mr. Ollason and to the attorney for the Fund as follows:

"Enclosed please find a copy of Medical Report dated March 29, 1969 from Dr. Toll. This report has been placed in the claims file and will be considered evidence before the Industrial Commission unless objected to in writing within ten (10) days from the date hereof.

If you feel it is necessary to schedule a hearing for the purpose of submitting further evidence or for any other reason, please so indicate within ten (10) days. If no such objection or request for hearing is filed within the period stated above, then the same will be deemed to have been waived and this report will be considered in evidence and will, along with the other evidence in the file, be reviewed prior to a Referee's Report."

It is unusual for a referee to receive and consider evidence after a hearing has been completed. It is unusual for the Commission to have delayed its action in relation to the 30 December 1968 report of the referee. It is well established that the referee and the Commission are precluded from considering post-hearing information in the absence of affording all parties the right of cross-examination. See our first opinion in relation to this claim and Pauley v. Industrial Commission of Arizona, 10 Ariz.App. 315, 458 P.2d 519 (1969).

Shortly after the date of the letter of the referee hereinbefore quoted, Mr. Ollason advised, "The report of Dr. Toll is objected to and I request the opportunity to cross-examine him."

On 30 June 1969 the presiding referee gave notice of a further formal hearing to be held in Tucson on 29 October 1969. A subpoena was issued for Dr. Toll the same day.

Apparently anticipating that his objection might possibly be overruled, Mr. Ollason commenced steps to secure a review of the file by B. L. Gregory, D.O., of Mesa. We find a series of letters commencing on 5 June which certainly alerted all parties that the petitioner was being examined by Dr. Gregory and that it was desired that Dr. Gregory thoroughly review the claims file.

On 22 October 1969 the attorney for the Fund requested subpoenas for Dr. Toll and for Dr. Charles Elkins. On the same date Mr. Ollason requested a subpoena for Dr. Gregory and entered a request that the Tucson hearing be recessed to Phoenix for the purpose of taking Dr. Gregory's testimony.

On 24 October 1969 the Fund mailed to Mr. Ollason its "Motion for Setting Aside Hearing or in the Alternative to Limit the Testimony." The motion was filed on 27 October. On 27 October the presiding referee issued his subpoena for Dr. Gregory for the taking of his testimony in the doctor's office in Mesa.

We come then to the hearing on 29 October 1969 in the City of Tucson. Dr. Elkins was not present. Dr. Toll was present

and was examined and cross-examined. Before the doctor's testimony was received the Fund urged its motion. A different referee was then presiding. We quote from the reporter's transcript:

"THE REFEREE: All right. Gentlemen, I don't know why after the time for objections to the Referee's Report had passed, that the applicant was examined by Dr. Toll. I can find nothing in the file to so indicate. At the last hearing, nothing was mentioned about such examination. In fact, the Referee stated the matter would then be submitted. Nevertheless, the applicant was examined by Dr. Toll. Dr. Toll's report was placed in the file. It was stated that it would be considered by the Commission. I don't think I have the power to expunge the file from the record. I think I should abide by the decision of the Court of Appeals in Jones versus Industrial Commission, among many decisions, and give counsel the opportunity to examine Dr. Toll. But I don't think I need hear any further testimony than Dr. Toll's testimony. So I am going to hear the testimony of Dr. Toll, and then I'll consider the matter submitted to the Commission. That's my ruling, gentlemen."

After counsel had concluded their examination of Dr. Toll, Mr. Ollason announced that he would examine Dr. Gregory in Mesa at the time and place stated in the subpoena issued by the presiding referee. The referee advised that he would not be there. Mr. Ollason proceeded to Mesa and examined Dr. Gregory as on an *ex parte* deposition. We have read the deposition only to ascertain whether the doctor's testimony would have been material. It would have been material.

█ The referee rendered his report adverse to the petitioner. The Commission approved the report and issued the award in question. By the approval of the report the Commission, of necessity, approved the foregoing procedural irregularities. In our opinion the original referee having elected

to reopen a closed hearing for additional medical evidence, it was basic and fundamental error to deprive the petitioner of the opportunity of meeting and rebutting that evidence.

We have no alternative other than to set aside the award. This workmen's compensation claim now stands on the 15 February 1963 petition to reopen.

The award is set aside.

CASE and DONOFRIO, JJ., concur.