550 P.2d 654

**Frank A. REINPRECHT, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**The McKinley Company, Respondent Employer,**

**Continental Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1396.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 3, 1976.

**8**

Nancy K. Lintz, and Otto H. E. Linsenmeyer, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jones, Teilborg, Sanders, Haga & Parks, by William R. Jones, Jr., Joseph L. Moore, Phoenix, for respondents employer and carrier.

## OPINION

WREN, Judge.

This is a writ of certiorari to review the Industrial Commission's refusal to grant petitioner's request for the issuance of subpoenas for two physicians to testify at the hearing on his claim. We find the Commission was in error and set aside the award.

The physicians, Drs. Willard Hunter and Howard Aidem, had previously examined petitioner and their medical reports were on file with the Commission at the time of the request for subpoenas. These reports had been filed by respondents, who also requested subpoenas for the two doctors, and who stated in their letter to the Commission that the doctors would testify in accord with the filed reports. Petitioner's letter, on the other hand, contained nothing more than a request that the doctors appear and testify at the hearing scheduled for April 28, 1975. Petitioner did not outline, nor was he requested to, the substance of the testimony to be elicited.

By letter dated March 26, 1975 the hearing officer informed all parties that "inas much as their testimony will be as set forth in the reports they will not be subpoenaed, since their testimony would be redundant."

Petitioner thereupon informed the hearing officer on April 7, 1975 that up-to-date examinations of petitioner were being performed by both physicians and that:

"it would appear in order to have the physicians at the hearing.

"However if neither doctor changes his opinion based upon the examinations then neither doctor would be required . . . . ."

Petitioner's letter also expressed a fear to the hearing officer that, because of a time factor, Dr. Aidem's position would not be known unless he were present at the hearing and requested a further continuance in the event either of the physicians would be needed. The file contains no response to the request for continuance.

Although not asked to do so, the hearing officer did subpoena Dr. Walter Edwards, a member of the consulting board who had examined petitioner. Dr. Edwards appeared at the hearing and the hearing officer offered him to petitioner for cross-examination. After stating that no cross-examination of Dr. Edwards was required, petitioner reiterated his request for a continuance to secure the attendance of Dr. Aidem and Dr. Hunter. Again the hearing officer did not rule on the request, but proceeded to examine Dr. Edwards himself.

Respondents urge that petitioner waived both the refusal to issue subpoenas and to grant a continuance by his assertion at the conclusion of the hearing:

"Q. As I see it, we just don't have any evidence because Dr. Aidem and Dr. Hunter did a further exam, Dr. Hartman did it at the request of Dr. Hunter; and they have both said ten percent. I don't know anything further I can do right now. Do you have anything you want to add?"

Respondents also claim that since all the physicians had concluded, even after the follow-up examinations, that petitioner was entitled to nothing more than a ten per cent loss of his left minor arm, there was nothing more to be gained by having either

of the physicians subpoenaed appear and testify, citing *Pauley v. Industrial Commission,* 10 Ariz.App. 315, 458 P.2d 519 (1969), for the proposition that physicians should not be indiscriminately subpoenaed when there is no apparent reason for their being called.

■ We do not agree with either of respondents' contentions. In our opinion the concluding statement of petitioner's counsel as quoted above did not constitute a waiver. In the first place it was in the form of a question to his own client and not a statement to the hearing officer. His request for subpoenas prior to the hearing, coupled with a request for a continuance at the commencement of the hearing, had already been refused. He need not make another before asserting that he had no other evidence to present to the Commission.

Nor can respondents find support for their position in *Pauley* when that case is analyzed on its facts. There this court considered the question as to whether the hearing officer was correct in refusing to issue subpoenas requested by the claimant under then existing Rule 35 [1] of the Rules of the Industrial Commission, which read:

> "Compelling Attendance at Hearings:— Any party desiring the Commission to issue a subpoena to compel the appearance of a witness at any hearing shall make written application therefor, stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, a subpoena will be supplied. * * * "

Although the hearing officer in *Pauley* had specifically requested the claimant to supply information showing what he expected the doctors to testify to, he had not complied. While holding that a party to an Industrial Commission hearing not only has a right to cross-examine the witnesses but also has the right to present evidence of his

own, the court concluded that under the limited circumstances of that case, the hearing officer did not commit error where he had tried unsuccessfully to determine the relevancy of the proposed testimony, and where there was no indication that he would have arbitrarily refused to issue the subpoenas had the claimant informed him why the doctors were being called.

> " 'The board holding the hearing is vested with a sound discretion to regulate and control the cross-examination of witnesses appearing before it. Such authority does not justify an arbitrary denial of the right of a litigant to procure competent testimony where an application therefor is seasonably made and pursued with due diligence.' 100 C.J.S. Workmen's Compensation § 598, pages 848, 849." *Pauley v. Industrial Commission,* supra at 317, 458 P.2d at 521.

A more analogous situation to the case before us is *Polston v. Industrial Commission,* 13 Ariz.App. 291, 475 P.2d 950 (1970), wherein the claimant had requested a continuance of the hearing for the reason that, inter alia, he had filed a timely request for a subpoena for Dr. John Kelly and none had been issued. The request was denied for the reason that claimant did not comply with Rule 35 in that there was no showing Dr. Kelly's testimony would be other than as set forth in his report contained in the claim file. In its determination that the claimant had sustained no permanent physical or mental disability, the Commission specifically relied upon the doctor's written report.

In rejecting the argument of non-compliance with Rule 35, *Polston* held that the rule must be read together with and in light of Rule 30, which provided that there should be an opportunity to "cross-examine any person who has given any evidence in the matter." [2]

---

1. Rule 35 is the predecessor to existing Rule 41(a), discussed infra.

2. We would also note that Rule 30 has since been deleted. However, the equivalent right of cross-examination is set forth in existing Rule 55(c), discussed infra.

The decision then quoted from *Jones v. Industrial Commission,* 1 Ariz.App. 218, 401 P.2d 172 (1965), that "Rule 35 cannot be used to restrict the right of the parties to cross examine a person who has given any evidence in the matter . . ." Id. at 221, 401 P.2d at 175. Concerning the right generally of the parties to Industrial Commission hearings to cross-examine witnesses, *Polston* noted and adopted specific language in *Pauley:*

> " 'Clearly the commission is vested with a sound discretion to regulate and control the cross-examination of witnesses in proceedings before that tribunal, and its award will not be disturbed on certiorari for mere errors of procedure. But that authority will not justify an arbitrary denial of the right of a litigant to procure competent testimony by deposition or otherwise when the application therefor is seasonably made and pursued with due diligence according to the established rules of procedure. * * *' *Walker Mining Co. v. Industrial Accident Commission,* 35 Cal.App.2d 257, 263, 95 P.2d 188, 191 (1939)." *Pauley v. Industrial Commission, supra,* 10 Ariz.App. at 317, 458 P.2d at 521.

As footnoted above Rule 35 has been superseded, and a request for a subpoena need no longer be accompanied by a statement setting forth the substance of the testimony expected unless such statement is requested by the hearing officer under Rule 41(a). In part, for our purpose here,

Rule 41(a) reads:

> "RULE 41. Witnesses; Requests for (a) Any party desiring issuance of a subpoena to compel the appearance of a witness at a hearing shall make such request in writing to the presiding hearing officer and file same with the Hearing Officer Division at least ten (10) days prior to the date upon which the first hearing is scheduled to be held. If the witness is an expert medical witness, the request shall be filed at least twenty

> (20) days prior to the date of the first scheduled hearing. If requested by the presiding hearing officer, the party requesting that the subpoena be issued shall present a written statement stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, the presiding hearing officer shall issue the subpoena requested."

■ Although the rule is not a model of clarity we would interpret it as permitting the hearing officer to refuse issuance of a subpoena only when the requested statement is not forthcoming or where it is clearly shown in the statement itself that the solicited testimony would not be material and necessary. If merely redundant to a medical report it is of course not material or necessary.

Any restriction on the right to issuance of subpoenas must be further qualified by Rule 55(c):

> "Any party desiring to cross-examine the author of any document, report, instrument or other written matters so filed shall request a subpoena in accordance with the provisions of Rule 41."

Also, under Rule 55(d):

> "If timely request for subpoena is not made pursuant to this rule and the provisions of Rule 41, the right to cross-examine the author of any such medical report, document, report, instrument or other written matters, shall be deemed waived and the documents may be considered to be in evidence."

■ Clearly, a timely requested subpoena for cross-examination of the author of a filed medical report must be honored by the Industrial Commission. Just as clearly the request here by petitioner for a continuance of the hearing to obtain the presence of the two physicians must be considered a request for cross-examination. Nor could his request be dishonored as seeking only redundant testimony when there

was no counter request by the hearing officer for petitioner to reveal the substance of the testimony he expected to elicit.

The award is set aside.

HAIRE, C. J., and NELSON, J., concur.