933 P.2d 1218

**Regina HUGHES, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Maryland Gardens, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 95–0058.**

Court of Appeals of Arizona, Division 1, Department E.

Aug. 20, 1996.

Review Granted March 25, 1997.

Review Dismissed as Improvidently Granted May 7, 1997.

Law Offices of Kathleen M. Bergman, P.C. by Kathleen M. Bergman, Phoenix, for Petitioner.

Anita R. Valainis, Chief Counsel the Industrial Commission of Arizona, Phoenix, for Respondent.

State Compensation Fund by Kirk A. Barberich, Phoenix, for Respondents Employer and Carrier.

THOMPSON, Judge.

This is a special action review of Arizona Industrial Commission decisions upon hearing and review denying reimbursement of child care expenses. Two issues presented are whether the administrative law judge abused his discretion by deciding this case without testimony from the treating psychiatrist and whether Ariz.Rev.Stat.Ann. (A.R.S.) § 23–1062(A) extends to child care. Because we find no abuse of discretion and conclude that the statute does not extend to child care, we affirm the decisions upon hearing and review.

## FACTUAL AND PROCEDURAL HISTORY

In August 1981, petitioner employee (claimant), a nurse's aide, was injured at work when a patient attacked her and hit her in the jaw. Claimant has since undergone approximately sixteen surgeries to repair her jaw, some of which have required hospitalization. Claimant has also been receiving psychiatric treatment for the severe depression which accompanies her ongoing rehabilitation.

Respondent carrier (Fund) had been voluntarily paying claimant's child care expenses, but it discontinued these payments in 1993. Claimant then requested an investigation of the Fund's liability for child care expenses "due to her hospitalization treatment." See A.R.S. § 23–1061(J). An administrative law judge subsequently scheduled a hearing.

Pending this hearing, claimant requested a subpoena for her treating psychiatrist. The administrative law judge did not request disclosure of the expected testimony. At the hearing, administrative law judge and counsel discussed the scope and basis for claim-

ant's arguments and the Fund's defense. Claimant's counsel explained that psychiatric testimony was necessary to establish whether claimant's injuries prohibited her from being able to take care of her child. If she could not care for her child, even when claimant was at home, she would claim child care expenses generally; if she could care for her child when at home, she would claim child care expenses for in-patient and out-patient hospitalizations.

Claimant's counsel also asserted that the Fund was liable for child care expenses because claimant's disability compensation was inadequate to pay for child care. The Fund asserted that A.R.S. § 23–1062(A) did not cover child care expenses "under any circumstances whatsoever."

Claimant testified that before the industrial injury, she was able to care for her daughter, who has special needs from chronic asthma. Claimant was able to pay her mother $3.00 an hour for forty hours of child care each week. Claimant asserted that since her injury, she has been unable to care for her daughter or to pay her mother for child care.[1]

Claimant acknowledged that she lived with her parents before the industrial injury and continues to do so. Although her mother continued to provide child care after the Fund terminated reimbursement, claimant was concerned that her mother will have to stop because child care income is her livelihood. Claimant conceded that she was attempting to obtain child support from her daughter's father and that she had applied for Social Security disability benefits for herself and her daughter.

At the close of the hearing, the administrative law judge directed both counsel to submit legal memoranda. They were to assume that claimant was incapable of caring for her child because of the industrial injury and that, although claimant's pre-injury wages were adequate to pay for child care, her disability compensation was inadequate to do so. The administrative law judge advised that after reviewing the memoranda, he

---

1. Because claimant's daughter was not in school before the industrial injury but is now attending school, child care expenses on weekdays have decreased.

would either subpoena claimant's psychiatrist or issue a decision upon hearing.

Before the memoranda were submitted, the administrative law judge issued his decision. He held:

> The issue herein is whether or not the Workers' Compensation Act provides for the payment of child care expenses under the circumstances alleged by the applicant. Assuming for the purpose of this decision that applicant's allegations are true; that she is incapable of caring for her daughter due to the residuals of her injury, and that she has sustained a loss of disposable income under the Act, it is the finding of the undersigned that the Act does not provide for the payment of child care expenses. *See,* A.R.S. 23–1021(A) and 23–1062(A) and (B). *See also, Martinez v. Industrial Commission,* 175 Ariz. 319, 856 P.2d 1197 (App.1993). Accordingly, applicant's claim for reimbursement of child care expenses must be denied.

On administrative review, claimant stated that, had the administrative law judge subpoenaed her psychiatrist, the psychiatrist would have testified that child care was medically necessary for claimant's recovery. Relying principally on Florida cases that allow child care when it is medically necessary, claimant asserted that child care in her case constituted reasonably required other treatment pursuant to A.R.S. § 23–1062(A). She also requested a hearing to produce her psychiatrist's testimony.

The Fund responded by reiterating its argument that A.R.S. § 23–1062(A) did not extend to child care. However, the Fund did not directly respond to claimant's newly raised theory that child care would hasten her recovery or to her request for a supplemental hearing.

The administrative law judge summarily affirmed the award, declining to respond to claimant's newly raised theory. Claimant then brought this special action. This court has jurisdiction under A.R.S. §§ 12–120.21 and 23–951(A).

---

2. In her brief, claimant states that "the stress of caring for her child currently interferes with the progress of her treatment." This statement pre-

## DISCUSSION

### *Right to Expert Testimony*

 Claimant asserts that the administrative law judge abused his discretion by deciding the case without hearing claimant's psychiatrist's testimony. As a general rule, an administrative law judge may deny a timely subpoena request if the expected testimony would not be material or otherwise necessary. *See Reinprecht v. Industrial Comm'n,* 27 Ariz.App. 7, 10, 550 P.2d 654, 657 (1976). Claimant argues that the subpoena was warranted because the psychiatrist would have provided material evidence regarding her new theory. We disagree. The administrative law judge decided the case without the psychiatrist's testimony because he assumed the truth of the expected testimony. Testimony is cumulative and therefore unnecessary if the trier of fact assumes for the purpose of decision that the testimony is true.

We will therefore assume, for the purpose of this appeal, that adequate child care is necessary to treat claimant's industrial injury and that the administrative law judge did not find that assumption material to the disposition of the legal issues.[2] We reject claimant's argument that the administrative law judge abused his discretion by deciding the case without testimony from the treating psychiatrist.

### *Child Care As A Medical Benefit*

 Claimant contends that child care is "reasonably required" "other treatment" because it is necessitated by, and necessary to treating, her industrial injury. A covered employee suffering a compensable injury is entitled to "medical, nurse, and hospital services and medicines ... as provided in this chapter." A.R.S. § 23–1021(B). The subsection providing these benefits states:

> Promptly, upon notice to the employer, every injured employee shall receive medical, surgical and hospital benefits or *other treatment,* nursing, medicine, surgical

sumably paraphrases the psychiatrist's expected testimony. Claimant did not testify that stress related to child care affected her treatment.

supplies, crutches and other apparatus, including artificial members, *reasonably required* at the time of the injury, and during the period of disability. Such benefits shall be termed "medical, surgical and hospital benefits."

A.R.S. § 23–1062(A) (emphasis added).

This subsection does not expressly cover child care, and no Arizona case has addressed this issue. However, this court has liberally interpreted the term "other apparatus" under A.R.S. § 23–1062(A) to include a new van for a quadriplegic. *See Terry Grantham Co. v. Industrial Comm'n,* 154 Ariz. 180, 183, 741 P.2d 313, 316 (App.1987). The court relied on Florida case law to support its conclusion. *Id.* at 183–84, 741 P.2d at 316–17 (citing *Fidelity and Casualty Co. v. Cooper,* 382 So.2d 1331, 1332 (Fla.Dist.Ct. App.1980)).

Claimant seeks to extend this line of reasoning to cover child care expenses. She urges us to liberally interpret the terms "other treatment" and "reasonably required" in A.R.S. § 23–1062(A) and to follow Florida case law that allows child care when necessitated by and necessary to treat an industrial injury. *See Stables v. Rivers,* 562 So.2d 784, 785 (Fla.Dist.Ct.App.1990) (where child care was shown, by testimony from a doctor and rehabilitation nurse, to have been necessitated by the industrial injury and to be useful in mitigating the effects of the injury or facilitating the process of recovery, such services were properly awarded under Florida statute ch. 440.13); *Doctors Hospital of Lake Worth v. Robinson,* 411 So.2d 958, 958–59 (Fla.Dist. Ct.App.1982) (child care applicable only in extreme circumstances).[3]

The Fund argues that these Florida cases are unpersuasive because Florida Statute ch. 440.13(1)(a), (b) and (u) allow for the payment of medical benefits and services "to an injured worker's family *which includes child care expenses.*" However, the Florida statutes do not expressly authorize services for child care. *See* Fla.Stat. ch. 440.13(1)(b), (2)(b).

The Fund also argues that the current case is comparable to *Martinez v. Industrial Comm'n,* 175 Ariz. 319, 856 P.2d 1197 (App. 1993). We again disagree. *Martinez* involved a claim for travel reimbursement. Other jurisdictions had interpreted comparable medical benefits statutes to require reimbursement for travel necessary to obtain covered treatment. *See id.* at 322, 856 P.2d at 1200 (citing 2 Arthur Larson, *The Law of Workmen's Compensation* § 61.13(b)(1) at 10–934–36 (1993)). This court nevertheless concluded that § 23–1062(A) was unambiguous, that it had to be interpreted as written, and that it excluded travel expense reimbursement because it did not mention coverage for this cost. *Id.*

Subsection 23–1062(A) also does not mention child care. However, it does include coverage for "other treatment" that is "reasonably required." The claimant in *Martinez* could not argue that these terms applied to travel expense reimbursement. Notwithstanding the necessity for travel to obtain covered treatment, travel is not treatment. In contrast, the instant claimant is contending that child care is reasonably required other treatment because it is necessitated by and necessary to treat her industrial injury. Unlike *Martinez,* the current case requires statutory interpretation.

Despite its contention that interpretation is unnecessary, the Fund argues that *ejusdem generis,* a principle of statutory interpretation, applies to the terms "other treatment" and "reasonably required." When a general term follows specific terms in a statute, the general term is restricted to the same class or type as the specific terms. *E.g., Arizona Pub. Serv. Co. v. Town of Paradise Valley,* 125 Ariz. 447, 450, 610 P.2d 449, 452 (1980). This general rule does not apply, however, when a contrary legislative intent is apparent. *Id.* at 451, 610 P.2d at 453.

The Oregon Court of Appeals applied the principle of *ejusdem. generis* to a medical benefits statute covering "medical, surgical, hospital, nursing, ambulances and other re-

---

3. The Colorado Supreme Court has also interpreted its rehabilitation statute to allow coverage of child care even though it does not expressly cover child care. *See Grover v. Industrial Comm'n,* 759 P.2d 705, 713–14 (Colo.1988).

lated services...." *See Lorenzen v. SAIF Corp.,* 79 Or.App. 751, 719 P.2d 1336, 1337 (1986). The court concluded that the statute did not extend to child care because it was not of the same type or class as the specifically enumerated services. *Id.*

We are persuaded that *ejusdem generis* applies to A.R.S. § 23–1062(A) because we discern no contrary legislative intent. Rather, the statute itself defines the class of covered benefits to include "medical, surgical and hospital benefits." Other treatment of the same class would include, for example, chiropractic treatment. Child care, in contrast, is a service provided to a third person, not to the injured worker. The service itself is not generally considered medical treatment.

Claimant concedes that child care generally is not medical treatment. However, she asserts that it should be classified as medical treatment when a doctor recommends it to relieve stress. The difficulty with this argument is that such a theory extends equally to any source of stress. A claimant may experience stress because he or she cannot care for an aging parent or disabled sibling, because he or she cannot meet financial obligations, or because he or she cannot perform a variety of domestic obligations.[4] We decline to interpret A.R.S. § 23–1062(A) so expansively. Other jurisdictions have statutes that expressly cover child care under particular circumstances. *See, e.g., Vait v. Merillat Industries,* 431 N.W.2d 536, 537–39 (Minn.1988) (Minn.Stat. § 176.102 allows reasonable cost of child care during rehabilitation). Claimant's remedy would thus appear to be with the legislature.

■ Claimant argues that child care should be covered because she cannot afford to pay for it from her disability compensation. Even if disability compensation is inadequate, we fail to see how the inadequacy itself justifies classifying child care as a medical benefit. The legislature alone may increase disability compensation. *See, e.g.,*

*McPeak v. Industrial Comm'n,* 154 Ariz. 232, 235–36, 741 P.2d 699, 702–03 (App.1987).

## CONCLUSION

We affirm the decisions upon hearing and upon review denying reimbursement for child care expenses.

GERBER, P.J., and VOSS, J., concur.

---

4. To demonstrate the unlimited scope of claimant's argument, the Fund suggests that § 23–1062(A) could be extended to cover lawn care. Florida has indeed extended its medical benefits statute to lawn care. *See Frederick Electronics v. Pettijohn,* 619 So.2d 14, 16 (Fla.Dist.Ct.App. 1993).