651 P.2d 1199

**Jim M. ROSOVICH, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**City of Tucson, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 16077–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 27, 1982.

Rabinovitz & Dix, P. C. by Charles G. Rehling, Tucson, for petitioner.

Calvin Harris, Former Chief Counsel, James A. Overholt, Acting Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Fred R. Sands, Phoenix, for respondent carrier.

CAMERON, Justice.

We granted the petition of the claimant, Jim M. Rosovich, to review a memorandum decision of the Court of Appeals which affirmed the administrative law judge in denying Rosovich's petition to reopen. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

We must determine on appeal whether the administrative law judge abused his discretion in denying claimant's request for a further hearing on claimant's motion to reopen.

The facts necessary for a determination of this matter are as follows. Claimant suffered a compensable industrial injury in April, 1979. Benefits were paid until 6 June 1979, when it was determined that claimant had suffered no permanent disability. After claimant's timely petition to reopen was denied, a formal hearing was requested and interrogatories were served on the respondent carrier on 6 October 1980. The hearing was set for 17 November 1980. During this time, claimant's attorney was suffering from a thyroid problem which required radiation therapy and medication. On the day of the hearing, claimant's attorney was hospitalized and another attorney in the office was substituted in the case. The substitute attorney realized, on the day of the hearing, that the respondent attorney had failed to answer interrogatories and that Dr. Varon, the claimant's medical witness, had not been subpoenaed for the hearing. The substitute attorney moved for sanctions against the respondent carrier for its failure to answer interrogatories, urging that defendants be precluded from introducing medical evidence. The attorney also moved that a further hearing be set in order to obtain the testimony of Dr. Varon. The administrative law judge denied the motion, relying upon the statement of the Court of Appeals in *Camelback Contractors, Inc. v. Industrial Commission,* 125 Ariz. 205, 608 P.2d 782 (App.1980) which, though holding that exclusion of evidence was proper for failure to answer interrogatories, had stated that for the future, the failure to move to compel answers prior to hearing "may well" constitute a waiver of the failure to disclose. As to the request for a further hearing, the administrative law judge stated:

"13. The applicant's request, entered at the hearing on November 17, 1980, for a further hearing to adduce the testimony of an additional medical witness not theretofore requested is denied as also

fatally late. Cf. *Rule* 41, R. Proc. I.C.A., A.C.R.R. R–4–13–141. The Industrial Commission *Rules of Procedure,* having been drafted toward enabling an orderly and fair hearing process, provide filing times and remedies relative to interrogatories, witness appearances, and further hearings, of which note has been taken herein; and, absent which, chaos would prevail, relative to interrogatories, witness appearances, and further hearings."

The Court of Appeals upheld the administrative law judge's findings, and we granted claimant's petition for review.

■ It is clear that, as a result of his attorney's illness, the claimant was not properly represented at the hearing. As a result of this illness, the attorney had neglected to move, prior to the hearing, to compel answers to the interrogatories that had been served on the carrier and failed to subpoena Dr. Varon. Under these circumstances, it would not have been an abuse of discretion to continue or set a new hearing to allow Dr. Varon to testify. See *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972). A claimant should have an opportunity to develop the evidence relevant to the hearing. *Pauley v. Industrial Commission,* 10 Ariz.App. 315, 458 P.2d 519 (1969).

■ The respondents, citing *Waller v. Industrial Commission,* 99 Ariz. 15, 406 P.2d 197 (1965) and *Raymer v. Industrial Commission,* 18 Ariz.App. 184, 501 P.2d 25 (1972), urge that it is the province of the Commission to resolve conflicts in the evidence and determine the facts. In this case, however, the administrative law judge did not resolve a conflict in the evidence. Rather, he excluded evidence not only of Dr. Varon's testimony but the answers to the interrogatories and, by such exclusions, avoided a conflict. We believe it was an abuse of discretion not to grant a hearing at which time Dr. Varon could testify. In holding that Mr. Rosovich is entitled to a further hearing, we do not consider whether he will ultimately prevail on the motion to reopen. Because we find there were

meritorious reasons for his delay in produc-, ing Dr. Varon, he is entitled to the hearing he requested.

The opinion of the Court of Appeals is vacated and the case remanded for rehearing on reopening of the claim of Mr. Rosovich.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.