OPINION
CONTRERAS, Judge.
This is a special action review of an October 27, 1982 Industrial Commission award continuing temporary compensation for a psychiatric condition. Three issues are raised: (1) whether the administrative law judge abused his discretion by refusing to attempt to subpoena a consulting psychiatrist for the first scheduled hearing or for a continued hearing necessary for other medical witnesses; (2) whether the administrative law judge could accept a medical opinion without specifically addressing how alleged factual inaccuracies affected its foundation; and (3) whether the administrative law judge relied on equivocal psy *537 chiatric testimony. Because, in our opinion, the administrative law judge abused his discretion by not issuing a requested subpoena for a medical witness, we set aside the award and do not reach the remaining issues.
In August 1981, the respondent employee (claimant), a stock clerk, suffered a strain injury at work. Her claim for benefits was accepted, administered and subsequently terminated on March 25, 1982. She timely protested, and a hearing was scheduled for August 20, 1982.
Pending the scheduled hearing, the employer and carrier arranged for psychiatrist Hubert R. Estes, M.D., to independently examine the claimant. On July 30, 1982, they submitted subpoena requests for Dr. Estes, for Sanford Berlin, D.O., the claimant’s treating psychiatrist, and for two other physicians, a neurologist and an orthopedist. On August 4, 1982, the administrative law judge requested counsel to submit a written statement justifying the subpoena requests, see generally A.C.R.R. R4-13141(A), and also requested “prompt cooperation.” On August 17, 1982, counsel for the employer and carrier submitted a response,[1] and the administrative law judge received it the next day. The administrative law judge’s letter refusing to issue subpoenas states:
I have received your letter dated August 17, 1982 in response to my Rule 41 letter, ---- I will not issue subpoenae when the alleged justification therefore is not filed in this office until two days before the initial hearing date, when a request for such justification was mailed to you sixteen days before the initial hearing date.
A further hearing for any or all of these witnesses will not be granted unless you convince me, pursuant to Rule 56, R.Proc.I.C.A., (ACRR R4-13-156), that on the excuse [sic] of due diligence you could not have made a timely Rule 41 response to my August 4, 1982 letter. I sincerely regret having to take this action — our present budgetary constraints do not allow the luxury of continued hearings and multiplicious subpoenae unless absolutely necessary.
On August 19, 1982, the employer and carrier sent a letter protesting this administrative procedural ruling. The letter states in part:
With regard to Dr. Estes, I gained some impressions of what testimony he was likely to provide after meeting with him on August 10. However, he did not render a written report concerning his psychiatric evaluation until August 12. That was received in my office on August 13, at which time I was in Flagstaff in discovery proceedings. On August 13, my mother-in-law, residing in Payson, suffered a massive aortic aneurysm. She was air-lifted to Phoenix where she died on August 15. Due to the immediacy of those events and the necessity that I assist my wife with the many activities occasioned by her mother’s death, I was unable to respond to your August 4 correspondence until August 17.
* * # * * *
I am well aware of the Commission's budgetary constraints, as are K Mart and Km Administrative Services. I un *538 derstand your concern that the Commission avoid unnecessary expense in the administration of the Hearing Division. However, it is the defendant employer’s concern that should the issuance of subpoenae requested by my letter to you of July 30 be withheld, based upon the grounds articulated in your August 18 correspondence, substantial justice will not be achieved in the instant proceedings.
In addition to supplying this new information, the letter also challenged the administrative law judge’s legal analysis. .
At the scheduled hearing, counsel for the employer and carrier informed the administrative law judge that Dr. Estes would appear only if subpoenaed, and renewed their objection to his ruling. The administrative law judge responded as follows:
The only reason for my ruling on the subpoenas was my extreme difficulty in issuing any subpoenas when a Rule 41 response is not filed until two days prior to the hearing.
I have reviewed the cases that you cited in your letter, ... and I still stand by my prior ruling that you did not pursue your subpoena requests with due diligence. I specifically refer to your statements concerning Dr. Estes, and while I express my personal sympathies to you for your mother’s demise, ... the fact remains that according to your own documents in the file, Dr. Estes saw ... [the claimant] on July 22; you talked with Dr. Estes on August 10, and both of those dates long precede your personal tragedy that you alluded to in the letter as well as the August 17 date of your response. On all those grounds, I stand by my prior ruling that your subpoena requests were not pursued with due diligence, and therefore, each and every one of those subpoena requests for medical witnesses has been and will continue to be denied.
At the conclusion of the first hearing on August 20, 1982, when pressed by counsel to further explain his ruling, the administrative law judge responded as follows:
The point of the matter is that if I in this case were to grant subpoenas and attempt to issue subpoenas two days before the scheduled hearing, that we simply could not in any conceivable manner have expected those doctors to attend with only two days’ notice. I cannot be granting continuances, wholesale; I cannot be granting multiplicious subpoenas, and there is certainly an element of expense involved, but moreover, it’s a question of due diligence.
I think had due diligence been shown by counsel, if continuances were necessary, so be it. Obviously, we’re having a continuance in this case for ... [other medical experts that the claimant requested], but it is not due to, in my opinion, either the lack of diligence of counsel or the lack of diligence of the Commission in attempting to secure those doctors' appearances.
Despite the necessity of a continued hearing, the administrative law judge refused to attempt to subpoena Dr. Estes to appear at the continued hearing, which was scheduled to be held on September 28, 1982 (five and one half weeks after the first hearing).
Accordingly, Dr. Berlin provided the only psychiatric testimony. The award continuing temporary compensation was based on his opinion that the industrial injury substantially contributed to the claimant’s psychiatric condition.[2] The award was affirmed on administrative review, and this special action followed.
*539 On review before this court, the employer and carrier contend that the administrative law judge abused his discretion. For the following reasons, we agree.
A.C.R.R. R4-13-141(A) in relevant part states:
If requested by the ... [administrative law judge], the party requesting that the subpoena be issued shall present a written statement stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, the ... [administrative law judge] shall issue the subpoena requested (emphasis added).
This rule permits the administrative law judge to deny a subpoena request “only when the requested statement is not forthcoming or where it is clearly shown in the statement itself that the solicited testimony would not be material and necessary.” Reinprecht v. Industrial Commission, 27 Ariz.App. 7, 10, 550 P.2d 654, 657 (1976).
If Reinprecht is applied literally, the administrative law judge was absolutely required to issue the requested subpoenas. We assume arguendo, however, that administrative convenience may justify the imposition of reasonable time limits for responding to the rule 41 request, and that the administrative law judge may enforce them with reasonable sanctions. Nevertheless, it is abundantly clear that the administrative law judge abused his discretion in this case. For even if the administrative law judge would have been justified in refusing to schedule a special hearing for Dr. Estes, he was not justified in refusing to even attempt to have him appear under subpoena at the first scheduled hearing. Moreover, once the necessity for a continued hearing for the claimant’s medical witnesses became apparent, neither administrative convenience nor substantial justice was served by refusing to attempt to have Dr. Estes subpoenaed to appear and testify. The sanction was now strictly punitive. Its imposition denied the employer and carrier their fundamental right to present witnesses, see e.g., Gordon v. Industrial Commission, 23 Ariz.App. 457, 533 P.2d 1194 (1975), and frustrated the achievement of substantial justice. Cf. Rosovich v. Industrial Commission, 133 Ariz. 374, 651 P.2d 1199 (1982) (abuse of discretion to deny an admittedly late subpoena request and motion for continued hearing when claimant’s counsel was ill, even though no motion for an extension of time was filed before the scheduled hearing). The fundamental tenets inherent in the administrative adjudicatory process require that the employer and carrier along with the claimant should have the opportunity to present evidence at the hearing relevant to the issues.
The claimant argues that the administrative law judge properly denied the subpoena request for Dr. Estes because the employer and carrier’s rule 41 response conceded that even he acknowledged a relationship between the industrial injury and the claimant’s psychiatric condition. We reject this argument for ■ two reasons. First, the industrial injury must have substantially contributed to the psychiatric condition. See A.R.S. § 23-1043.01(B) (effective July 31, 1980). Although the rule 41 response was imprecise, it sufficiently indicated that Dr. Estes would deny this substantial contribution. Second, the administrative law judge did not purport to rule on the substantive merits of the requests; his rulings were purely procedural. The resultant effect is the same as Rosovich. The administrative law judge did not resolve a conflict in the evidence. Rather, by imposition of an unwarranted administrative sanction, he excluded testimonial evidence from Dr. Estes and by such exclusion effectively avoided any possible conflict.
The claimant also argues that the employer and carrier waived their objection by opposing the claimant’s proffered stipulation to admit Dr. Estes’ report. The record, however, discloses that this stipulation was conditioned upon a waiver of the subpoena request. The employer and carrier simply refused to give up their right to have Dr. Estes appear and testify. This *540 was a right which they could refuse to waive.
For the foregoing reasons, we conclude that the administrative law judge abused his discretion. Accordingly, and because of our conclusion, we set aside the award. We specifically express no opinion as to who will ultimately prevail at the further hearing.
BROOKS, P.J., and GRANT, Acting P.J., concur.

. Because of the importance of Dr. Estes to the .employer and carrier’s case, we focus on his opinion. Concerning this, the response states:
Dr. Estes has performed a psychiatric examination and evaluation of the applicant, ____ He is expected to testify that, based strictly upon the history given him by the applicant, her above-captioned injury has played a role in development of depressive anxiety and phobic symptoms with which she presented at the time of her examination, but that it would be simplistic to conclude that her above-captioned injury "caused” the emotional picture with which she currently presents, or that it was a paramount cause thereof. Dr. Estes is further expected to testify that the extensive history of physical and mental abuse by alcoholic parents in childhood, emotional residues of fear, anger, feelings of vulnerability, difficulty in trusting others and fear of further abuse and many events that have occurred during her adult life all create an emotional climate which is very influential in the development of emotional symptoms following her above-captioned injury____
(Emphasis in original.)

. The dispositive finding in support of the award states:
11. There is no conflict in the medical evidence regarding the applicant’s psychiatric condition. As a result of the August 18, 1981 industrial injury and its sequelae, the applicant is entitled to temporary total and/or temporary partial disability compensation as well as medical, surgical and/or hospital benefits, to the extent provided by law, from August 18, 1981 until such time as her psychiatric condition related to this industrial injury and its sequelae is determined to be medically stationary.