NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

B & R REPAIR SERVICE, *Petitioner Employer*,

SCF ARIZONA, *Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

RALPH CARTER, *Respondent Employee*.

No. 1 CA-IC 14-0021
FILED 12-18-2014

Special Action - Industrial Commission
ICA Claim No. 97332-205642
Carrier Claim No. 9739047
Anthony F. Halas, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

SCF Arizona, Phoenix
By Chiko F. Swiney
*Counsel for Petitioner Employer and Petitioner Carrier*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Cecil A. Edwards, Jr., Attorney at Law, Phoenix
By Cecil A. Edwards, Jr.
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona ("ICA") permanent disability award in favor of Ralph Carter and against the respondent employer, B & R Repair Service ("B & R"), and the respondent carrier, SCF Arizona ("SCF"). B & R and SCF challenge in particular a discovery sanction that precluded testimony from an untimely-disclosed witness. For reasons that follow, we uphold the ruling imposing the discovery sanction and affirm the ICA award.

**JURISDICTION AND STANDARD OF REVIEW**

**¶2** This court has jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) and 23-951(A), and Arizona Rules of Procedure for Special Actions 10.[1] In reviewing findings and awards of the ICA, we defer to the factual findings of the Administrative Law Judge ("ALJ") but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003). We consider the evidence

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## PROCEDURAL AND FACTUAL HISTORY

**¶3** Carter worked for B & R as a pipe fitter until he sustained an acute lumbar disc herniation. He filed a workers' compensation claim, which was accepted for benefits. Carter first received conservative and then surgical medical treatment, and his claim eventually closed with an unscheduled permanent partial impairment and an award of permanent disability benefits. In the ensuing years, as Carter received additional treatment, his claim was reopened and reclosed several times for additional treatment. Following the last reclosure, the ICA entered its findings and award for a permanent total loss of earning capacity.

**¶4** SCF timely requested a hearing to dispute the loss-of-earning capacity finding. Prior to the hearing, Carter served SCF with interrogatories, which were due on April 24, 2013. SCF provided answers stating that potential job information "will be provided in LMC [labor market consultant] report." SCF filed a LMC report, authored by Lisa Klapp, on July 8, 2013, three days before the first hearing. That same date, Carter filed a motion to preclude the LMC report or alternatively for sanctions.

**¶5** The ALJ considered the range of sanctions available for the untimely disclosure, and ruled as follows:

> I find that defendants have not shown sufficient cause to be relieved from the sanctions provided for by the Rules of Procedure Before the Industrial Commission. I conclude that the sanction of dismissal of defendants' Request for Hearing is not appropriate in this instance. However, under all the circumstances, I determine and conclude that, given applicant's appropriate use of interrogatories for discovery through the Rules of Procedure Before the Industrial Commission, with reasonable follow-up, the appropriate sanction pursuant to A.A.C. R20-5-157(A) is that defendants should be precluded from the introduction into evidence of Ms. Clapp's untimely report – the last-minute submission of which was prejudicial to applicant Carter – or any testimony referencing the report and its findings and conclusions.

SCF requested reconsideration, but the ALJ affirmed his ruling in a formal written order.

¶6      The ALJ subsequently issued a decision finding that Carter could perform "quite light work, with a 40 pound maximum in lifting, pushing, pulling and carrying, with frequent position changes at least every 30 minutes."[2] The ALJ further found, however, that the evidence presented was "insufficient to determine that suitable and available work exists which [] Carter could reasonably be expected to perform," and awarded a permanent disability benefit of $1,271.08.[3] SCF brought this timely appeal.

## DISCUSSION

¶7      SCF argues that the ALJ erred by entering an order precluding Lisa Klapp's report and her testimony, and urges that the preclusion of that testimony was dispositive of the ALJ's determination regarding whether there was available work that Carter could reasonably be expected to perform. We have jurisdiction to review the ALJ's determination. *See Meva Corp. v. Indus. Comm'n*, 15 Ariz. App. 20, 24, 485 P.2d 844, 848 (1971) (Court of Appeals may review any formal document executed by the ICA, "which contains a direct determination of some issue in relation to the claim of a particular injured workman.").

¶8      We will uphold an ALJ's enforcement of the rules of procedure "absent a clear showing of abuse of discretion." *Nolden v. Indus. Comm'n*, 127 Ariz. 501, 504, 622 P.2d 60, 63 (App. 1980).

¶9      Arizona's workers' compensation rules require parties to comply with reasonable discovery requests. *See* Arizona Administrative Code ("A.A.C.") R20-5-131, -144, -145, and -157. Compliance includes answering interrogatories and producing medical and nonmedical records. *See* A.A.C. R20-5-131(D), -144(A), -144(B), -155(A). After a hearing request is filed, interrogatories may be propounded and must be answered within ten days. *See* A.A.C. R20-5-144(A), (C). All nonmedical documents and reports must be filed with the presiding ALJ at least fifteen days prior to the first scheduled hearing. *See* A.A.C. R20-5-155(B).

---

[2]      The parties presented conflicting expert testimony regarding whether Carter was able to work. The ALJ rejected Carter's assertion that he was totally disabled and unable to work.

[3]      The Award noted that the ICA retains jurisdiction for the purpose of altering, amending, or rescinding its Findings and Award upon, among other factors, "a showing that the applicant's earning capacity has increased subsequent to the Findings and Award."

¶10	If a party fails to comply with an opposing party's discovery requests, the presiding ALJ may impose sanctions, including preventing the party from presenting evidence at the ICA hearing, forfeiting an award, awarding the opposing party reasonable costs and attorneys' fees, or dismissing the party's hearing request. *See* A.A.C. R20-5-145, -157. The presiding ALJ may also relieve a party of sanctions imposed for good cause shown. A.A.C. R20-5-157(B).

¶11	Before applying the ultimate sanction of dismissal, an ALJ must consider a variety of factors including: (1) whether there has been a pattern of failure to cooperate with discovery; (2) whether counsel has acted with due diligence; (3) whether evidence has been presented to support the party's case; (4) whether there is a reasonable explanation for the failure to comply with discovery requests; (5) whether the opposing party has suffered prejudice; and (6) the procedural context of the hearings. *See Brown v. Indus. Comm'n*, 154 Ariz. 252, 254, 741 P.2d 1230, 1232 (App. 1987); *King v. Indus. Comm'n*, 160 Ariz. 161, 163, 771 P.2d 891, 893 (App. 1989).

¶12	Here, Carter propounded six interrogatories focused on learning what type of jobs SCF alleged to be suitable for and reasonably available to him. SCF's interrogatory answers were due on April 24, 2013, but were not provided until July 5, 2013. And those untimely answers did not contain the information requested, but rather stated only that potential job information would "be provided in LMC report." The LMC report in turn was not filed until July 8, 2013, only three days before the hearing, rather than 15 days prior to the hearing, as required by the rules. *See* A.A.C. R20-5-155(B). Moreover, the LMC report was central to the loss of earning capacity issue, the ultimate issue in the case. In refusing to consider the untimely report, the ALJ properly considered the *Brown* factors, as well as the full range of sanctions available. In these circumstances, the ALJ did not abuse his discretion by excluding the untimely disclosed evidence.

¶13	SCF cites several cases in which an appellate court has found an ALJ abused his discretion regarding evidentiary rulings or discovery sanctions. But those cases are factually distinguishable. In the first case, the ALJ abused his discretion by denying a late subpoena request and motion for continued hearing when the claimant's counsel's illness was a "meritorious reason[] for his delay in producing [the witness]." *Rosovich v. Indus. Comm'n*, 133 Ariz. 374, 375–76, 651 P.2d 1199, 1200–01 (1982). Here, in contrast, SCF did not establish a meritorious reason for its untimely disclosure. In the second, the ALJ erroneously excused a witness from testifying when the witness improperly asserted a non-existent privilege. *Gordon v. Indus. Comm'n*, 23 Ariz. App. 457, 459–60, 533 P.2d 1194, 1196–97

(1975). Here, SCF has not established a comparable error of law underlying the ALJ's ruling. In the third case, the ALJ abused his discretion by refusing a late subpoena request when the relevant regulation allowed refusal only if the witness's expected testimony would not be material and necessary, but not based on timeliness; even assuming the ALJ had discretion to impose reasonable time limits on subpoena requests, the ALJ's actions exceeded this authority because the subpoena could have issued for a continued hearing when that became necessary on behalf of the opposing party. *K-Mart Corp. v. Indus. Comm'n*, 139 Ariz. 536, 538–39, 679 P.2d 559, 561–62 (App. 1984). Here, however, the regulations expressly authorized exclusion as a sanction for discovery violations, and the ALJ properly considered the circumstances and the law in rendering his decision. *See* A.A.C. R20-5-157(A)(2).

## CONCLUSION

¶14 SCF has not established that the ALJ abused his discretion by excluding the untimely revealed evidence, which was central to the ultimate issue in this case, and we thus affirm the discovery sanction, as well as the award of disability benefits.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh